# EXHIBIT 2

SUPREME COURT - STATE OF NEW YORK

Present:

HON. ARTHUR M. DIAMOND
Justice Supreme Court

------------------------------------------------------------------x        IAS PART: 7

In the Matter of
PHILIP M. PIDOT,

                              Petitioner,                    NASSAU COUNTY

        -against-                                            INDEX NO: 3448/2016

DOMINIC J. MACEDO, ROBERT DONNO,,
MARK S. SAUVIGNE, and MARLENE LOBATO,
And

THE NEW YORK STATE BOARD OF ELECTIONS,

                        Respondents..
------------------------------------------------------------------x
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x

In the Matter of the Application of
DOMINIC MACEDO, ROBERT DONNO, MARK SAUVIGNE,
and MARLENE LOBATO

                        Petitioners

        -against-

PHILIP M. PIDOT, candiate, and

GREGORY PETERSON, PETER KOSINSKI ,
DOUGLAS KELLNER and ANDREW SPANO
COMMISSIONERS CONSTITUTING THE
NEW YORK STATE BOARD OF ELECTIONS,

                        Respondents,
------------------------------------------------------------------x

The following papers having been read on this motion:

                Order to Show Cause.................................1
                Notice of Motion.........................................2

Petitioner Pidot moved  by order to show cause to validate his petitions after the State Board of Elections found that he was sixteen (16) valid signatures short of the amount needed (i.e., 1250) that would place him on the Republican primary ballot for election to the Third Congressional District to be held June 28, 2016. Objector Macedo, et.al., filed an order to show cause to invalidate those petitions.  Pidot's application was dismissed by Supreme Court (J. Adams) on procedural grounds in an order dated May 6, 2016.  Petitioner appealed and on June 17, 2016, the Appellate Division, Second Judicial Department, reversed and remanded the matter to Supreme Court for a hearing "on the merits".

At the outset, Petitioner requested to join the companion case commenced by Respondent Objectors (Supreme Court, Nassau County Index Number 003124-16) as part of his moving papers. In the interest of judicial economy, this Court granted the application for a joint trial.

A hearing was held June 21, 22, and 23.  At the commencement of the hearing, Macedo served a motion to dismiss on several grounds, including that of "impossibility"; that is, even if it was found that Pidot had sufficient signatures, at this time it would be impossible for the City of New York, County of Nassau and County of Suffolk Board of Elections respectively to actually place him on the ballot in time for the June 28, 2016 primary currently scheduled. This Court held that this motion was to be heard at the conclusion of the proceeding to validate or invalidate the petition.

During the three days of the hearing, the Court ruled on several hundred objections, and after all objections, the Court found that Pidot had submitted twelve hundred sixty-one (1261) valid signatures on the petition, which surpassed the requisite twelve hundred fifty (1250) signatures needed to be placed on the ballot.  Therefore, the branch of Petitioner Pidot's motion requesting the court to validate the petition pursuant to Election Law §16-102 is hereby granted.

The court then heard the motion dismiss.  The State Board of Elections had notified the Court that they wished to be heard on the motion; thus, two representatives of the Board's counsel office, Brian Quayle and Kim Galvin participated via telephone for oral arguments.

At oral argument, counsel for Pidot, did not contest the Objector's position that with the primary election scheduled for June 28, 2016, five (5) days away, it would be physically impossible to have Mr. Pidot's name placed on either the paper mailing ballots (absentee and military) as well as on the physical machines of the three counties.  However, he argued that either this Court or the Federal Court, who had scheduled this primary, could fashion alternate remedies in view of the fact that the general election was over four months away.  In particular, he argued that in view of the fact that a federal judge had set this primary date in order for it to

2

comply with the MOVE Act of 2009, he or another judge could postpone this election to a date that would leave ample time to comply with the MOVE Act requirements.

Respondent argued that there was no authority, either in federal or state law that would allow this; in fact, he argued that the only instance in which a primary election has been held twice is where there were findings of fraud which invalidated the first election, which obviously is not the case here. Respondent also relies on the existing, though scant, case law involving "impossibility." In particular, the New York Court of Appeals in Hunter v. Orange County (11 NY3d 813 [2008]), held in a very brief opinion that "[u]nder the circumstances of [the] case, it would be impossible, if [the] Court were to entertain the merits, to render meaningful relief in compliance with the Election Law."

Furthermore, in conjunction with the respondents' arguments, the State Board of Elections agreed that it would be impossible to modify the ballots with less than a week before the scheduled primary. The State Board asserted the position that the fifty (50) day requirement would not be complied with under federal law if this Court directed Pidot's name to be placed on the ballot at this time.

Given the foregoing, the application to compel respondent State Board to certify, print, and place the name of the Petitioner on the Republican Party Primary Election ballot for the office of Representative in Congress from the Third (3rd) Congressional District of the State of New York is hereby denied as impossible. Furthermore, the application to restrain, prohibit, and enjoin the State Board from certifying and causing the printing of the Republican Party Primary Election ballot for the office of Representative in Congress from the Third (3rd) Congressional District of the State of New York is also hereby denied as impossible.

Finally, Respondent Objectors' motion to dismiss is hereby denied in accordance with foregoing. This hereby Constitutes the decision and order of this Court.

**ENTER**

DATED: June 24, 2016

ENTERED

JUN 29 2016

NASSAU COUNTY
COUNTY CLERK'S OFFICE

_____
**HON. ARTHUR M. DIAMOND J.S.C.**

3