# EXHIBIT 3

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D49561
C/afa

_____AD3d_____

Argued - June 17, 2016

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.

---

2016-05794

DECISION & ORDER

In the Matter of Philip M. Pidot, appellant,
v Dominic J. Macedo, et al., respondents-respondents,
et al., respondents.

(Index No. 3448/16)

---

       In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Philip M. Pidot as a candidate in a primary election to be held on June 28, 2016, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 3rd Congressional District, Philip M. Pidot appeals from a final order of the Supreme Court, Nassau County (Adams, J.), dated June 7, 2016, which, after a hearing, in effect, dismissed the petition.

       Application by the respondents-respondents for the Court to take judicial notice of certain material.

       Upon the papers filed in support of the application, and no papers having been submitted in opposition thereto; it is

       ORDERED that the application is denied; and it is further,

       ORDERED that the final order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the petition on the merits forthwith.

Page 2.

CPLR 304(a) provides that a special proceeding may be commenced by the filing of a petition. However, CPLR 304(a) also provides that "[w]here a court finds that circumstances prevent immediate filing, the signing of an order requiring the subsequent filing at a specific time and date not later than five days thereafter shall commence the action." Here, the Supreme Court erred in making a determination regarding whether or not circumstances preventing immediate filing were present (*see* CPLR 304[a]). That issue was determined upon the signing of the order to show cause on May 6, 2016, and the Supreme Court did not have authority to review the determination of a justice of coordinate jurisdiction (*see Matter of Gravagna v Board of Elections of City of N. Y.*, 21 AD3d 504, 505).

In light of our determination, we need not reach the appellant's remaining contention.

MASTRO, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court



June 17, 2016

MATTER OF PIDOT v MACEDO