UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PHILIP PIDOT, NANCY HAWKINS and STEVEN AXELMAN, individually and as representatives of eligible Republican Party voters in Suffolk, Nassau and Queens Counties within New York's Third Congressional District,

                Plaintiffs,

   -against-

NEW YORK STATE BOARD OF ELECTIONS; SUFFOLK COUNTY BOARD OF ELECTIONS; NASSAU COUNTY BOARD OF ELECTIONS; BOARD OF ELECTIONS IN THE CITY OF NEW YORK; PETER KOSINSKI and DOUGLAS KELLNER, in their official capacities as Commissioners and Co-Chairs of the New York State Board of Elections; ANDREW J. SPANO and GREGORY P. PETERSON, in their official capacities as Commissioners of the New York State Board of Elections; TODD D. VALENTINE and ROBERT A. BREHM, in their official capacities as Co-Executive Directors of the New York State Board of Elections; and JACK MARTINS,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No. 16-CV-859-FJS-CFH

**ORDER TO SHOW CAUSE**

      Upon the Declaration of Jerry H. Goldfeder, sworn to on the 21st day of July, 2016, the Declaration of David V. Simunovich, sworn to on the 21st day of July, 2016, upon Plaintiffs' Memorandum of Law in Support of their Request to Proceed by Order to Show Cause and for a New Election, and upon Plaintiffs' Complaint, and exhibits attached and reference to the foregoing, it is

      ORDERED, that the above named Defendants show cause before this Court at Room ___, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York 13261, at _____ o'clock in the _____ noon on the _____ day of _____ , 2016, why an Order should not be issued:

1

1. Directing a Republican Party primary election for New York's Third Congressional District with a ballot that names both Defendant Jack Martins and Plaintiff Philip Pidot, the two validated Republican candidates for New York's Third Congressional District, for a date that complies with federal law (specifically, the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), as amended in 2009 by the Military and Overseas Voter Empowerment Act ("MOVE Act"), which requires that absentee ballots be sent to military and other overseas voters who timely request such ballots not later than 45 days before a federal election and, if it is determined to be necessary, modifying an order of the Honorable Gary Sharpe, issued in <u>United States v. New York</u>, 10-CV-1214 (Dkt. No. 88, dated October 29, 2015) to allow for such an election; or, alternatively,

2. If it is determined that a Republican primary election for the Third Congressional District cannot be held in compliance with UOCAVA's 45-day requirement, requiring the Defendant New York State Board of Elections to seek a "hardship exemption" pursuant to 52 U.S.C. § 20302(g)(2)(B)(ii) from UOCAVA's 45-day requirement as a result of the "legal contest" concerning Pidot's candidacy and which, if granted, would allow the Defendants to shorten the 45-day requirement while still making reasonable accommodations for the mailing and counting of overseas absentee ballots; or, alternatively,

3. If it is determined that a Republican primary election for the Third Congressional District cannot be held in compliance with UOCAVA's 45-day requirement, declaring UOCAVA's 45-day requirement unconstitutional as applied here, and

      directing that a Republican Party primary election be held on a date that is practicable for the New York State Board of Elections, the Suffolk County Board of Elections, the Nassau County Board of Elections, and the Board of Elections in the City of New York, all of whom are named Defendants, and which allows for, *inter alia*, a reasonable amount of time for the mailing and counting of military and overseas ballots and which will not impact the State's compliance with the 45-day requirement for the November 8, 2016 federal general election; and,

4. Granting such other and further relief as this Court deems appropriate under the facts and circumstances herein; and it is further

ORDERED that a copy of this Order, together with the papers upon which it is granted, be personally served, unless counsel for such Defendants agree in writing to accept such service electronically, upon counsel for the (i) New York State Board of Elections, (ii) the Suffolk County Board of Elections, (ii) the Nassau County Board of Elections, (iii) the Board of Elections in the City of New York, (iv) Peter Kosinski, (v) Douglas Kellner, (vi) Andrew Spano, (vii) Gregory Peterson, (viii) Todd Valentine, and (ix) Robert Brehm, or upon the parties themselves if counsel states in writing that such service should made upon the parties directly, and it is further

ORDERED that, with respect to Defendant Jack Martins, on whose behalf no counsel has yet appeared or made themselves known to Plaintiffs, a copy of this Order, together with the papers upon which it is granted, shall be personally served upon his place of business and/or his residence and left with a person of suitable age and discretion and also sent by overnight courier to the same address, and it is further

ORDERED that the service described in the preceding two paragraphs shall be complete on or before _____ o'clock in the ___ noon on the _____ day of July, 2016, and that such service shall be deemed good and sufficient, and it is further

ORDERED that Defendants shall electronically file opposing papers by _____ o'clock in the _____ noon on the _____ day of July, 2016, and it is further

ORDERED that Plaintiffs shall electronically file reply papers, if any, by _____ 'clock in the _____ noon on the _____ day of July, 2016.

Dated: Syracuse, New York
July ____, 2016

_____
Honorable Frederick J. Sculling, Jr.
Senior United States District Judge
United States District Court for the Northern District of New York