# EXHIBIT 5

Case 2:16-cv-03527-JFB-ARL Document 24-3 Filed 07/05/16 Page 17 of 195 PageID #: 123
Case 1:16-cv-00859-FJS-CFH Document 22-5 Filed 07/21/16 Page 2 of 7

1



```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU:  TRIAL TERM:   PART 7
------------------------------------------X
In the Matter of the Application of          INDEX NO.
DOMINIC MACEDO, ROBERT DONNO, MARK            003124/2016
SAUVIGNE, and MARLENE LOBATO,
Objectors,

                    Petitioners,

       -V-

PHILIP M. PIDOT, Candidate, and
GREGORY PETERSON, PETER KOSINSKI,
DOUGLAS KELLNER and ANDREW SPANO,
Commissioners Constituting the
New York State Board of Elections,

                    Respondents.
------------------------------------------X
------------------------------------------X
In the Matter of the Application of          INDEX NO.
                                             3448/16
PHILIP M. PIDOT,
Candidate,

                    Petitioner,

       -V-

DOMINIC J. MACEDO, ROBERT DONNO,
MARK S. SAUVIGNE and MARLENE LOBATO,
Objectors, and THE NEW YORK STATE
BOARD OF ELECTIONS,

                    Respondents.
------------------------------------------X
                    Nassau Supreme Court
                    100 Supreme Court Drive
                    Mineola, New York 11501
                    June 21, 2016

B E F O R E:        THE HONORABLE ARTHUR M. DIAMOND,
                    Justice of the Supreme Court.
```

(APPEARANCES ARE LISTED ON THE FOLLOWING PAGE.)

AVS

Case 2:16-cv-03527-JFB-ARL Document 24-3 Filed 07/05/16 Page 13 of 195 PageID #: 124
Case 1:16-cv-00859-FJS-CFH Document 22-5 Filed 07/21/16 Page 3 of 7

2

```
A P P E A R A N C E S:
                    SINNREICH, KOSAKOFF & MESSINA, LLP
                    Attorneys for DOMINIC MACEDO,
                    ROBERT DONNO, MARK SAUVIGNE and
                    MARLENE LOBATO
                    267 Carleton Avenue
                    Suite 301
                    Central Islip, New York 11722
BY:                 JOHN CIAMPOLI, ESQ.


                    JOHN E. SWEENEY, ESQ.
                    Attorney for PHILIP M. PIDOT
                    79 Columbia Street
                    Albany, New York 12210



ALSO PRESENT:
Brendan Quinn
E. O'Brien Murray       (Present during afternoon session)
Marco Silva, Esq.       (Present during afternoon session)


                              ANDREA V. SLOBODOW, CSR

                              OFFICIAL COURT REPORTER
```

\*   \*   \*

Case 2:16-cv-03527-JFB-ARL   Document 24-3   Filed 07/05/16   Page 21 of 195 PageID #: 127
Case 1:16-cv-00859-FJS-CFH   Document 22-5   Filed 07/21/16   Page 4 of 7

5

Proceedings

1 the night, and at the conclusion of the hearing,
2 Mr. Pidot's representatives, Mr. Spargo and Mr. Quinn,
3 who were at the hearing, were offered the opportunity
4 to put in rebuttal evidence or evidence to
5 rehabilitate any signatures which the Board, at least
6 the hearing officer, had preliminarily determined to
7 be invalid. They elected to wait. The hearing
8 officer kept the hearing record open for them to make
9 such a submission for one full day. They failed to do
10 so. Therefore, they did not exhaust their
11 administrative remedies in terms of an attempt to
12 validate the petition. They should be precluded from
13 doing that for the first time here in a court of law.
14       THE COURT: And that's what your motion is
15 about?
16       MR. CIAMPOLI: That's part of what the
17 motion is about.
18       The motion continues: To assert which is
19 the development of current events, and what I believe
20 is really the best reason for this Court to dismiss
21 this proceeding: Impossibility. We are asking this
22 Court for a hearing on that part of the motion. We
23 are prepared to produce witnesses from the New York
24 City Board of Elections, the Nassau County Board of
25 Elections, and the Suffolk County Board of Elections

AVS

Case 2:16-cv-03527-JFB-ARL   Document 24-3   Filed 07/05/16   Page 22 of 135 PageID #: 128
Case 1:16-cv-00859-FJS-CFH   Document 22-5   Filed 07/21/16   Page 5 of 7

6

Proceedings

1 today, in this courtroom, and they will testify that
2 it is impossible to conduct a primary if this Court,
3 after a full hearing, orders Mr. Pidot's name to be
4 put on the primary ballot.  It is impossible to
5 conduct the primary and it is impossible to conduct
6 the primary in accordance with the law.
7        In particular, for that, we rely upon a
8 decision of the sister court in Suffolk, Hensley
9 versus Matthews, a 2014 decision by Justice Mary
10 Smith, which can be found at 2014 Westlaw 546, 9941.
11 In that case, I believe it was nine days before the
12 election, was determined by Justice Smith to be too
13 late to adjust the ballots and make a change and
14 conduct the election.
15        We also rely on the Court of Appeals
16 decision in Hunter versus Orange County Board of
17 Elections, and the other cases which we have cited in
18 our -- our papers.
19        This election is different than those in one
20 regard, and that one regard means that this Court
21 lacks the power to adjust the date of the primary
22 election and order a primary election that complies,
23 A, with federal law, specifically the MOVE Act; and B,
24 with a federal Court order.
25        In -- if I may, so I can give you the dates:

AVS

Case 2:16-cv-03527-JFB-ARL Document 24-3 Filed 07/05/16 Page 23 of 95 PageID #: 129
Case 1:16-cv-00859-FJS-CFH Document 22-5 Filed 07/21/16 Page 6 of 7

7

Proceedings

1  On October 29th of 2015, in Albany, New York, Judge
2  Gary L. Sharpe of the Federal District Court for the
3  Northern District issued an order which established
4  the calendar for this primary and superseded New York
5  State statute.  That order ordered that this primary
6  must be conducted on June 28th.  It ordered that any
7  absentee ballots to go out to military voters or
8  overseas voters, must go out 45 days prior to the date
9  of the election.  That order was designed to protect
10 our soldiers and our sailors so that they could get
11 their military ballots, vote them, and they would be
12 timely received.
13         With all due respect, your Honor, this
14 Court, I believe, would never issue an order that a
15 primary be conducted that would disenfranchise our
16 military voters.  That would violate the federal MOVE
17 Act, and this Court, I respectfully submit, lacks the
18 authority to countermand Judge Sharpe's order and
19 order a primary election be moved.  And, quite
20 frankly, you can't fit 45 days between now and next
21 Tuesday so that people can get their absentee ballots.
22         There are other reasons that are alleged in
23 our papers, and the witnesses from the Board of
24 Elections will, when they testify, explain.  Article 4
25 of the Election Law, Section 118, requires the Boards

Case 2:16-cv-03527-JFB-ARL Document 24-3 Filed 07/05/16 Page 24 of 195 PageID #: 130
Case 1:16-cv-00859-FJS-CFH Document 22-5 Filed 07/21/16 Page 7 of 7

8

Proceedings

1 of Elections to publish notice of an upcoming primary.
2 Now, this is a complicated thing because this district
3 has three jurisdictions: The City of New York, the
4 County of Nassau, the County of Suffolk; and, it is
5 rendered more complex under the statute because within
6 this district, is the City of Glen Cove.
7     In the event there is a jurisdiction that
8 has a city within it, other than the City of New York,
9 there must be double publication: Once in the paper
10 of record for the County and once in the paper of
11 record for that city. I believe it's the Pilot
12 Reporter of Glen Cove. And I was on the phone with
13 them yesterday and the elections officials in Nassau
14 were on the phone with them yesterday. It's a weekly
15 paper. They publish on Wednesdays; okay? Tomorrow's
16 edition, you can't buy an ad in; it's too late. Next
17 week's edition would be futile to buy an ad in because
18 it's the day after the primary. And the law requires
19 you give prior notice to the voters of a primary, not
20 you tell them about a primary that they missed.
21     In addition, as best I know from elections
22 officials, all three jurisdictions have already placed
23 their newspaper advertisements in papers of general
24 circulation and those advertisements indicate that
25 there is a Democratic primary, not a Republican