# EXHIBIT 9

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D49753
M/htr

\_\_\_\_\_AD3d\_\_\_\_\_

Argued - July 19, 2016

CHERYL E. CHAMBERS, J.P.
THOMAS A. DICKERSON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.

2016-06927

DECISION & ORDER

In the Matter of Philip M. Pidot, appellant-respondent,
v Dominic J. Macedo, et al., respondents-appellants,
New York State Board of Elections, respondent.
(Proceeding No. 1)

In the Matter of Dominic Macedo, et al.,
respondents-appellants, v Philip M. Pidot,
appellant-respondent, Gregory Peterson, et al.,
respondents.
(Proceeding No. 2)

(Index Nos. 3124/16, 3448/16)

In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating Philip M. Pidot as a candidate in a primary election to be held on June 28, 2016, for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 3rd Congressional District, and a related proceeding, among other things, to invalidate that designating petition, Philip M. Pidot appeals, as limited by his notice of appeal and brief, from so much of a final order of the Supreme Court, Nassau County (Diamond, J.), dated June 24, 2016, as, after a hearing, and upon granting that branch of his petition which was to validate the designating petition, denied that branch of his petition which was to direct the New York State Board of Elections to place his name on the ballot and, in effect, dismissed his oral application to direct the New York State Board of Elections to reschedule the primary election, and Dominic J. Macedo, Robert Donno, Mark S. Sauvigne, and Marlene Lobato cross-appeal, as limited by their brief, from so much of the same final order as granted that branch of the petition of Philip M. Pidot which was to validate the designating petition, denied their motion to dismiss that petition, and, in effect, denied their petition to invalidate the designating petition.

ORDERED that the final order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

July 21, 2016

Page 1.

MATTER OF PIDOT v MACEDO
MATTER OF MACEDO v PIDOT

In a petition to validate his designating petition, Philip M. Pidot requested, inter alia, an order directing the New York State Board of Elections (hereinafter the Board) to certify and place his name on the June 28, 2016, primary election ballot for the nomination of the Republican Party as its candidate for the public office of Representative in Congress from the 3rd Congressional District.

The Supreme Court held a hearing on Pidot's petition and a related petition to invalidate the designating petition. On the last day of the hearing, June 23, 2016, Pidot's counsel conceded that it was then too late for Pidot's name to be placed on the June 28, 2016, primary ballot. However, he also, for the first time, made an oral application to reschedule the primary election.

In a final order dated June 24, 2016, the Supreme Court, inter alia, granted that branch of Pidot's petition which was to validate the designating petition but determined that it would be impossible to grant that branch of his petition which sought to place his name on the June 28, 2016, primary ballot. The court also, in effect, dismissed Pidot's oral application to reschedule the primary election. Pidot appeals from the portion of the final order that denied the branch of his petition which was to direct the Board to place his name on the ballot, as well as the court's, in effect, dismissal of his oral application to reschedule the primary election.

The Supreme Court properly concluded, based, inter alia, on the concession of Pidot's counsel, that it would be impossible to grant Pidot the relief he specifically requested in his petition, namely, to include his name on the June 28, 2016, primary ballot (*see Matter of Hunter v Orange County Bd. of Elections*, 11 NY3d 813, 815). The court also properly, in effect, dismissed Pidot's oral application to reschedule the primary election, as that relief was not requested in his petition, and, in fact, was not sought until the last day of the hearing, two days after Pidot's counsel had represented to the court that he was not asking the court to decide "whether an election is held or not" but merely to determine "whether there's valid petitions or not" (*see Matter of Messina v Albany County Bd. of Elections*, 66 AD3d 1111, 1114-1115).

Contrary to the contention of Dominic J. Macedo, Robert Donno, Mark S. Sauvigne, and Marelene Lobato (hereinafter collectively the objectors), the Supreme Court properly granted that branch of Pidot's petition which was to validate the designating petition and, in effect, denied their petition to invalidate the designating petition. "A hearing court's assessment of the credibility of witnesses is entitled to deference, as that court had the advantage of hearing and seeing the witnesses" (*Matter of Felder v Storobin*, 100 AD3d 11, 17; *see Matter of Finn v Sherwood*, 87 AD3d 1044, 1045). Likewise, the court properly denied the objectors' motion to dismiss Pidot's petition, as the contentions raised therein lack merit. The objectors' remaining contention is improperly raised for the first time on appeal (*see Lauder v Goldhamer*, 122 AD3d 908, 910; *Matter of Cohn*, 46 AD3d 680, 681; *Fresh Pond Rd. Assoc. v Estate of Schacht*, 120 AD2d 561, 561).

CHAMBERS, J.P., DICKERSON, DUFFY and CONNOLLY, JJ., concur.

ENTER:

*Aprilanne Agostino*
Aprilanne Agostino
Clerk of the Court

July 21, 2016                                                 Page 2.

MATTER OF PIDOT v MACEDO
MATTER OF MACEDO v PIDOT