UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

PHILIP PIDOT, NANCY HAWKINS and

STEVEN AXELMAN, individually and as representatives

of eligible Republican party voters in Suffolk, Nassau and Queens

Counties within New York's Third Congressional District,

                              Index No. 1:16-CV-859

                        Plaintiffs,

        -against-              **DECLARATION**

NEW YORK STATE BOARD OF ELECTIONS;

SUFFOLK COUNTY BOARD OF ELECTIONS;

NASSAU COUNTY BOARD OF ELECTIONS;

BOARD OF ELECTIONS IN THE CITY OF NEW YORK;

PETER KOSINSKI and DOUGLAS KELLNER, in their official

capacities as Commissioners and Co-Chairs of the New York

State Board of Elections; ANDREW J. SPANO and

GREGORY P. PETERSON, in their official capcities as

Commissioners of the New York State Board of Elections;

TODD D. VALENTINES and ROBERT A. BREHM, in their

official capacities as Co-Executive Directors of the New York

State Board of Elections; and JACK MARTINS

Defendants.

-------------------------------------------------------------X

State of New York    )

                     )ss.:

County of Suffolk    )

NICK LALOTA being duly sworn deposes as follows:

1.  I am the Republican Commissioner of the Suffolk County Board of Elections. I am responsible for the administration of elections in Suffolk County and lead the 60 Republican employees of the Suffolk County Board of Elections.

2.  I respectfully offer this affidavit or declaration in opposition to the Plaintiffs' request that the United States District Court direct that a primary election be held notwithstanding the fact that holding of such an election necessarily will deprive the brave members of the United States Armed Forces of the ability to participate.

3.  Traditionally, New York had held its primary elections for both federal and state (and local) offices in September each year. However, in or about 2009, federal law was amended to require that military personnel be permitted to request ballots no fewer than 45 days prior to the holding of that election.

4.    In response to the enactment of the federal statute, a federal judge (The Honorable Gary Sharpe) ordered that the federal primary for United States Representative take place on June 28, 2016. In addition to setting the election date, a full calendar of relevant dates was imposed as well, with deadlines for the submission of petitions, objections to those petitions, and specific objections to those petitions.

5.    Due to a comedy of errors – many of which were committed by Mr. Pidot – Mr. Pidot was originally found to not have enough signatures on his petitions so as to qualify him for the ballot. When Mr. Pidot chose to challenge that determination in Court he did so after much delay and in an odd forum.

6.    After Mr. Pidot originally lost in state court, he wasted several weeks before finally appealing. Ordinarily election law cases are handled on an expedited basis because of the necessity that ballots be finalized. In New York State, election law cases have priority over all other cases (except Article 81 guardian cases).

7.    Several weeks elapsed before Mr. Pidot finally decided to appeal. Once his appeal was favorably decided for him he was left without a remedy.

8.    What if he had waited until 2017 to file his appeal? At some point the ship sets sails and it becomes too late for the aggrieved candidate to challenge an adverse decision when he/she does not act with the alacrity that the situation requires.

9.    Now, after having sat on his rights for so long, Mr. Pidot wants to have a federal judge order a primary election while knowing full well that it is impossible to have that primary election while affording the federally mandated 45 days while at the same time having the general election with the federally mandated 45 days.

10. I am a class of 2000 graduate of the United States Naval Academy in Annapolis and served as an Officer in the United States Navy from 2000 until 2007. I served our country with honor and with pride.

11. It would be outrageous to reward Mr. Pidot's failure to timely seek redress before the Appellate Division at the expense of not making it possible for military personnel to vote.

12. Federal law has dictated that military personnel be afforded 45 days to receive ballots enabling them to vote.

13. I respectfully request that the force of that law not be disturbed.

WHEREFORE, your deponent respectfully requests the Court to deny the Plaintiffs' application and that the Defendants be granted such other and further relief as is just and proper.

NICK LALOTA

Sworn to before me this
5th day of August, 2016

Notary Public

Elizabeth Manzella
Notary Public
State of New York
County of Suffolk
Reg# 01MA6149592
Term Expires
7-10-18