UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PHILIPPIDOT, NANCY HAWKINS and
STEVEN AXELMAN, individually and as
representatives of eligible Republican Party
voters in Suffolk, Nassau and Queens Counties
within New York's Third Congressional District,

                                                  Plaintiffs,

- *against*-

NEW YORK STATE BOARD OF ELECTIONS;
SUFFOLK COUNTY BOARD OF ELECTIONS;
NASSAU COUNTY BOARD OF ELECTIONS;
BOARD OF ELECTIONS IN THE CITY OF NEW YORK;
PETER KOSINSKI and DOUGLAS KELLNER, in their
official capacities as Commissioners and Co-Chairs of the
New York State Board of Elections; ANDREW J. SPANO
and GREGORY P. PETERSON, in their official Capacities
as Commissioners of the New York State Board of Elections;
TODD D. VALENTINE and ROBERT A. BREHM, in their
official capacities as Co-Executive Directors of the
New York State Board of Elections; and JACK MARTINS,

                                                  Defendants.
------------------------------------------------------------------------X

Civil Action No.:
16-cv-00859

DECLARATION OF
LOUIS G. SAVINETTI
REPUBLICAN
COMMISSIONER OF
THE NASSAU COUNTY
BOARD OF ELECTIONS
BY JOHN E. RYAN
COUNSEL TO THE
COMMISSIONER

      Pursuant to 28 U.S.C. § 1746, I, John E. Ryan, declare and state as follows:

      1.    I am Counsel to Louis G. Savenetti, Republican Commissioner of the Nassau County Board of Elections (the "Nassau Board").

      2.    I submit this Declaration in connection with the plaintiffs' application for an Order directing a Republican Party primary election for New York's Third Congressional District.

      3.    As a matter of law, the Board can take <u>no</u> position regarding this application as both Commissioners are in disagreement. Specifically, as to <u>Democratic</u> Commissioner David Gurgerty's assertion that the Nassau Board has the "ability" to conduct a <u>Republican</u> Party primary election, Commissioner Savenetti disagrees. The

time and expense involved in such a belated "primary," together with the illegal truncation of the rights of voters, particularly as to Federal and Military ballots, simply should not occur. See 52 U.S.C. § 20302(a)(8)(A).

4. The Nassau Board has not received any request, nor is it authorized to, waive the requirements of Federal law. As such, the relief sought, both monetary and injunctive, should be denied in all respects.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of August, 2016.

*John E. Ryan*
John E. Ryan
Counsel to the Republican Commissioner
Nassau County Board of Elections