UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
PHILIP PIDOT, NANCY HAWKINS and STEVEN    :
AXELMAN, individually and as representatives of   :
eligible Republican Party voters in Suffolk, Nassau and : Civil Action No. 16-CV-859-FJS-CFH
Queens Counties within New York's Third Congressional :
District,    :
:  **REPLY DECLARATION**
             Plaintiffs,    :  **OF JERRY H. GOLDFEDER**
    -against-    :  **IN SUPPORT OF PLAINTIFFS'**
:  **ORDER TO SHOW CAUSE AND**
NEW YORK STATE BOARD OF ELECTIONS;    :  **IN OPPOSITION TO THE**
SUFFOLK COUNTY BOARD OF ELECTIONS;    :  **CROSS-MOTION TO DISMISS**
NASSAU COUNTY BOARD OF ELECTIONS; BOARD:
OF ELECTIONS IN THE CITY OF NEW YORK;    :
PETER KOSINSKI and DOUGLAS KELLNER, in their :
official capacities as Commissioners and Co-Chairs of the :
New York State Board of Elections; ANDREW J.    :
SPANO and GREGORY P. PETERSON, in their official :
capacities as Commissioners of the New York State    :
Board of Elections; TODD D. VALENTINE and    :
ROBERT A. BREHM, in their official capacities as Co- :
Executive Directors of the New York State Board of    :
Elections; and JACK MARTINS,    :
:
             Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

I, JERRY H. GOLDFEDER, hereby declare:

1.  I am Special Counsel at the law firm of Stroock & Stroock & Lavan LLP and represent Plaintiffs in this action. I am familiar with the matters discussed in this Declaration.

2.  I submit this Declaration in reply to Defendants' opposition to Plaintiffs' motion and in opposition to the cross-motion to dismiss brought by Defendant Jack Martins.

3.  First of all, Defendants advise this Court that Plaintiff Pidot did not attempt to refute the Defendant New York State Board of Elections' (ultimately erroneous) ruling that invalidated his designating petition naming him as a candidate for the Republican Party primary

1

election for the Third Congressional District, New York State.  Aside from the fact that Pidot was not required to do so under New York State Election Law or Board of Elections Regulations, I am advised that his then-counsel made the determination that it was more advantageous to have the Board rule that he was shy by a small amount of signatures (sixteen) than to have his designating petition be declared valid by a small amount of signatures.  The reason for this is that the Martins Objectors had already brought an invalidating petition in New York State Supreme Court under Article 16 of the New York Election Law, enabling them to seek judicial rulings that signatures found to be valid by the state Board were in fact invalid; and that a validating petition by Pidot under Article 16 could, at that point, be brought to resuscitate signatures that the Board had erroneously ruled invalid *only* if the Board had invalidated his designating petition.  If, on the other hand, the Board had validated his designating petition by a small margin, Pidot would not have been able to bring a validating petition to have the court overrule the Board – because, after all, his petition was valid – and thus he would have to watch helplessly in the invalidating proceeding as the Objectors whittled down his margin to below the required number of signatures.  Thus, it was determined that the better strategic course would be to raise his objections to the Board's rulings in court – which is what a validating petition would enable him to do.  Ultimately, that proved to be strategically prudent.

4.      Second, Defendants attempt to lay blame on the length of the state litigation process on Pidot.  It was not Pidot who brought objections to his signatures that were ultimately rejected by the Supreme Court and Appellate Division.  It was not Pidot who brought a motion to dismiss his validating petition for improper service that was ultimately rejected by the Appellate Division.  And it was not Pidot who brought a motion to dismiss his validating petition on the so-called ground of "impossibility" on June 21, 2016 (*after* the Appellate Division remanded the

case to be heard on the merits).  In fact, the Supreme Court inquired of Defendants' counsel thusly:  "So how come you didn't make the motion a month ago?"  Counsel responded in a round-about way, but in fact he had failed to make such a motion earlier in the litigation.  Indeed, my predecessor attorney was blindsided, and had no opposition papers: as he told the Court, "We were just notified."  Later in the proceedings, when pressed by Defendants' counsel about Pidot's alleged delay, the Court stated  "I don't know what caused the delay."  A true copy of the relevant pages of the trial transcript is annexed hereto as **Exhibit 1**.

5. Finally, in that Nassau County Board of Elections Commission David Gugerty has suggested that a Republican Primary Election for the Third Congressional District be scheduled for September 13, 2016 – the same date as the already-scheduled primary election for the New York State legislature and other offices – this Court should be apprised of the following: the New York State Supreme Court Appellate Divisions have scheduled oral arguments on Article 16 ballot access litigation for August 16, 2016 through August 18, 2016, and the New York Court of Appeals has scheduled appeals and motions for leave to appeal on August 23, 2016, and, if necessary, August 24, 2016.

6. The significance of these dates is that ballots cannot be printed or voting machines programmed for the September 13, 2016 primary election until ballot access litigation is resolved.  Thus, an order by this Court directing that a new election be scheduled in the race between Pidot and Martins would impose only a minimal administrative burden, as their names can be easily included on the ballots and programmed into the voting machines at the same time as are the candidates for state and other local offices.

7. I should also note that there is already a primary election scheduled for the entire Third Congressional District in that there is a contest for the party position of Conservative Party

State Committee, and the geographical boundary for said position is the entire Third Congressional District.  A true copy of the New York State Board of Elections list of candidates in this primary is annexed hereto as **Exhibit 2**.

8. A true and correct copy of documents produced on August 2, 2016 by the New York State Board of Elections in response to Defendant Jack Martins' Notice to Produce in this action, is attached hereto as **Exhibit 3**.

9. A true and correct copy of a settlement agreement between the United States Department of Justice and the State of Vermont in United States v. Vermont, No. 12-cv-236 (D. Vt.) concerning the state's compliance with the Uniformed and Overseas Citizens Absentee Voting Act, is attached hereto as **Exhibit 4**.

10. A true and correct copy of the joint affidavit of Commissioner Anita Katz and Commissioner Nick LaLota of the Suffolk County Board of Elections, dated June 21, 2016, is attached hereto as **Exhibit 5**.  An incomplete version of this affidavit was originally attached as Exhibit 2 to the Declaration of David V. Simunovich in Support of the Order to Show Cause, dated July 21, 2016 ("Simunovich Decl."), this action.  The Simunovich Declaration noted that the affidavit was incomplete as it was missing two pages.  Simunovich Decl. ¶ 3 & n.1.  We have since obtained a complete copy of the affidavit and so have attached it here.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
August 10, 2016

EXECUTED:

   /s/ Jerry H. Goldfeder

JERRY H. GOLDFEDER

4