U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 OCT 22 PM 1:05

CLERK
BY _PC_
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 5:12-cv-236
)
THE STATE OF VERMONT; and ) **SETTLEMENT AGREEMENT**
JAMES C. CONDOS, ) **AND STIPULATED**
SECRETARY OF STATE ) **MOTION FOR ENTRY OF**
OF VERMONT, in his official capacity, ) **ORDER**
)
Defendants. )
)
)

The United States and the State of Vermont and James C. Condos, Secretary of State of Vermont respectfully submit the following Settlement Agreement and request that the Court so order:

WHEREAS, on October 11, 2012, the United States filed a complaint against the State of Vermont and James C. Condos, Secretary of State of Vermont (collectively, "Vermont") to enforce the right of Vermont's absent uniformed services and overseas voters ("UOCAVA voters") to vote by absentee ballot in the November 6, 2012 Federal general election and future Federal elections, as guaranteed by the Uniformed and Overseas Citizens Absentee Voting Act of 1986 ("UOCAVA"), 42 U.S.C. §§ 1973ff - 1973ff-7, as amended by the Military and Overseas Voter Empowerment Act, Pub. L. No. 111-84, Subtitle H, §§ 575-589, 123 Stat. 2190, 2318-2335 (2009) ("MOVE Act");

WHEREAS, the State of Vermont is responsible for complying with UOCAVA and ensuring that all validly-requested absentee ballots are sent to UOCAVA voters in accordance

with its terms, including transmitting timely-requested UOCAVA ballots to qualified UOCAVA voters at least 45 days prior to the 2012 Federal general election. 42 U.S.C. §§ 1973ff-1 & 1973ff-6(6);

WHEREAS, under Vermont's election law, absentee ballots, including those from UOCAVA voters, must be received by city or township clerks by the close of polls on election day in order to be counted. Vt. Stat. Ann. tit. 17, § 2543;

WHEREAS, the United States moved for a preliminary injunction against Vermont, asserting that emergency relief was necessary to ensure that all of Vermont's UOCAVA voters who submitted requests for absentee ballots on or before September 22, 2012 receive the full 45-day period mandated by UOCAVA in which to receive, mark, and return their ballot in time to be counted in the November 6, 2012 Federal general election;

WHEREAS, Secretary of State Condos has expressed support for, and has undertaken steps to propose, legislation in the Vermont Legislature to ensure that UOCAVA voters have the full and effective opportunity to vote in future elections for Federal office guaranteed by UOCAVA;

WHEREAS, the United States and Vermont wish to avoid the burdens, delays, and uncertainties of litigation and to promote efficiently and expeditiously the parties' shared goal of ensuring that all of Vermont's UOCAVA voters have the full 45-day time period mandated by UOCAVA in which to receive, mark, and return their ballot in time to be counted in the November 6, 2012 Federal general election;

WHEREFORE, the parties having freely given their consent, and the terms of this Settlement Agreement being fair, reasonable, and consistent with the requirements of the UOCAVA, it is hereby AGREED AND ORDERED that:

1) <u>Identification of affected UOCAVA voters</u>: Upon entry of this Settlement Agreement, Vermont shall identify each eligible UOCAVA voter who requested a ballot by September 22, 2012 and to whom a ballot was transmitted after September 22, 2012.

2) <u>Extension of ballot receipt deadline in late-transmittal jurisdictions for November 6, 2012 Federal general election</u>: Vermont shall extend the deadline for receipt of ballots from the UOCAVA voters identified in Paragraph One for the November 6, 2012 Federal general election to November 16, 2012.

3) <u>Acceptance of UOCAVA ballots and Return of Vote Forms</u>: Local Election Officials shall accept ballots received between November 6 and November 16, 2012 from the voters identified in Paragraph One, and the Secretary of State shall accept supplemental Official Return of Vote forms from the Local Election Officials documenting ballots received as of November 13 and November 16, 2012.

4) <u>Counting and Certification of UOCAVA ballots for November 6, 2012 Federal general election</u>: Vermont shall take reasonable steps to ensure that ballots from UOCAVA voters identified in Paragraph One, including Federal Write-in Absentee Ballots, are counted as validly-cast ballots and tabulated in the final results for the November 6, 2012 Federal general election, provided such ballots are executed and sent by November 5, 2012, are received by close of business on the date of November 16, 2012, and are otherwise valid. Vermont may formally certify the election results for the November 6, 2012 Federal general election by late-transmittal cities and townships on November 13, 2012, if the number of outstanding absentee ballots from UOCAVA voters could not mathematically alter the outcome of the election, subject

3

to amendment to add any votes from any ballots returned by the extended receipt deadline.

5) <u>Contacts with UOCAVA voters for November 6, 2012 Federal general election</u>: Upon entry of this Settlement Agreement, Vermont shall take reasonable steps to ensure that any UOCAVA voters identified in Paragraph One who have not yet returned their ballots and for whom cities or townships have email or telephone contact information are contacted by email or telephone to: (a) explain that the deadline for the ballot to be executed and sent is November 5, 2012; (b) explain that the deadline for receipt of the ballot has been extended to November 16, 2012; and (c) provide appropriate contact information at the Elections Division of the Secretary of State's office for assistance.

6) <u>Coordination with FVAP</u>: Upon entry of this Settlement Agreement, the Secretary of State shall notify the Director of the Federal Voting Assistance Program of the United States Department of Defense ("FVAP") of the extended deadline, shall request assistance in notifying affected voters of the extended deadline, and shall coordinate with FVAP as necessary to facilitate such notice.

7) <u>Reporting requirements for the November 6, 2012 Federal general election</u>: Vermont shall provide a report to counsel of record for the United States no later than November 30, 2012, concerning the number of UOCAVA absentee ballots identified in Paragraph One, by city or township, received and counted for the November 6, 2012 Federal general election in the late-transmittal cities and townships. The report shall set forth the following information, by city or township:

    a. The number of absentee ballots from UOCAVA voters identified in Paragraph One received and counted by the city or township after the close of polls on election day, but prior to the close of business on November 16, 2012;

    b. The number of absentee ballots from UOCAVA voters identified in Paragraph One that were received by the city or township after the close of business on November 16, 2012; and

    c. The number of absentee ballots from UOCAVA voters identified in Paragraph One that were not counted in the November 6, 2012 Federal general election. For the ballots that were not counted, Vermont shall specify the reasons such ballots were not counted.

8) <u>Dismissal</u>: Upon the Court's entry of this Order, the complaint is dismissed without prejudice; provided, however, that (1) the United States agrees that it will not recommence this action unless Vermont fails to take adequate steps to ensure that future qualified UOCAVA voters receive the opportunity to vote in elections for Federal office that is provided by UOCAVA, and (2) if there are no untimely-transmitted UOCAVA ballots in Vermont's 2014 or 2016 election cycles, the dismissal of this action shall be with prejudice. Nothing in this Settlement Agreement shall bar the United States from commencing a new action based on violations of UOCAVA arising after the date of entry of this Order.

9) <u>Enforceability and Admissibility of Agreement:</u> The Court retains the inherent authority to enforce this Settlement Agreement. The Parties agree to the admissibility of this Settlement Agreement in this or any subsequent proceeding for its enforcement, or other action filed to enforce UOCAVA.

AGREED AND CONSENTED TO this 18th day of October, 2012.

For Plaintiff United States:

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

*/s/ T. Christian Herren, Jr.*

T. CHRISTIAN HERREN, JR.
TIMOTHY F. MELLETT
ELIZABETH S. WESTFALL
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
N.W.B. 7202
Washington, D.C. 20530
Telephone: (202) 305-7766
Facsimile: (202) 307-3961

TRISTRAM J. COFFIN
United States Attorney
District of Vermont

*/s/ Carol L. Shea*

CAROL L. SHEA
Assistant U.S. Attorney
Chief, Civil Division
P.O. Box 570
Burlington, Vermont 05402
(802) 951-6540

For Defendants State of Vermont and James C. Condos, Secretary of State of Vermont:

STATE OF VERMONT

WILLIAM H. SORRELL
ATTORNEY GENERAL

By: */s/ Keith Aten*

Keith Aten
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001
(802) 828-1299
katen@atg.state.vt.us

SO ORDERED this 22nd day of October, 2012.

_____
United States District Judge

6