UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

PHILIP PIDOT, NANCY HAWKINS and STEVEN
AXELMAN, individually and as representatives of
eligible Republican Party voters in Suffolk, Nassau and
Queens Counties within New York State's Third
Congressional District,

                      Plaintiffs,

   -against-                        **No. 16-cv-859 (FJS/CFH)**

NEW YORK STATE BOARD OF ELECTIONS;
SUFFOLK COUNTY BOARD OF ELECTIONS;
NASSAU COUNTY BOARD OF ELECTIONS; BOARD
OF ELECTIONS IN THE CITY OF NEW YORK;
PETER KOSINSKI and DOUGLAS KELLNER, in their
official capacities as Commissioners and Co-Chairs of the
New York State Board of Elections; ANDREW J. SPANO
and GREGORY P. PETERSON, in their official capacities
as Commissioners of the New York State Board of
Elections; TODD D. VALENTINE and ROBERT A.
BREHM, in their official capacities as Executive Directors
of the New York State Board of Elections; and JACK
MARTINS.

                      Defendants.
-----------------------------------------------------------------------

**MEMORANDUM OF LAW IN REPLY AND IN FURTHER SUPPORT
OF DEFENDANT JACK MARTINS' CROSS-MOTION PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND/OR 12(b)(6)</u>**

                      Paul DerOhannesian II (Bar Roll 104792)
                      Danielle R. Smith (Bar Roll 517775)
                      DerOhannesian & DerOhannesian
                      677 Broadway, Suite 707
                      Albany, New York 12207

                      *Attorneys for Defendant Jack Martins*

**TABLE OF CONTENTS**

STATEMENT OF FACTS ................................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

    I.    Defendant Martins' Cross-Motion For Judgment On The Pleadings Should Be Granted . 1

        A.    Plaintiffs' Claims are Barred Because the Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine ................................................................................. 1

            1.    Plaintiffs Lost in State Court ................................................................................. 2

            2.    Plaintiffs Complain of Injuries Caused by the State Court Judgment ....................... 5

            3.    Plaintiffs Invite District Court Review and Rejection of the State Court Judgment. 5

            4.    The State Court Judgment was Rendered Before the District Court Proceedings Commenced ................................................................................................................ 7

        B.    Plaintiffs' Claims are Barred by Collateral Estoppel and Res Judicata ........................... 8

        C.    Plaintiffs' Equal Protection Claim Must be Dismissed ..................................................... 9

    II.    Plaintiffs' Motion For Injunctive and Equitable Relief Should Be Denied ........................ 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

APWU v. Potter, 343 F.3d 619 (2d Cir. 2003) ........................................................................... 2
Brown v. Damiani, 154 F. Supp. 2d 317 (D. Conn. 2001) ............................................................ 6
Burdick v. Takushi, 504 U.S. 428 (1992) .................................................................................. 7, 8
Dear v. Bd. of Elections, 2003 U.S. Dist. LEXIS 15460 (E.D.N.Y. Aug. 25, 2003) ...................... 9
District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) .................................... 6
Golkin v. Abrams, 803 F.2d 55 (2d Cir. 1986) .............................................................................. 9
Halyalkar v. Board of Regents, 72 N.Y.2d 261 (1988) ................................................................. 6
Hoblock v. Albany County Bd. of Elections, 422 F.3d 77 (2d Cir. 2005) ......................... 3, 4, 5, 6
Johnson v. De Grandy, 512 U.S. 997 (1994) ........................................................................ 3, 5, 6
Lajaunie v. Samuels & Son Seafood Co., 68 F. Supp. 3d 432 (S.D.N.Y. 2014) ........................... 4
Lance v. Dennis, 546 U.S. 459 (2006) ........................................................................................... 3
Matter of Hunter v. Orange County Bd. of Elections, 11 N.Y.3d 813 (2008) ............................... 7
McKithen v. Brown, 626 F.3d 143 (2d Cir. 2010) ......................................................................... 2
Roberts v. Perez, 2014 U.S. Dist. LEXIS 109251 (S.D.N.Y. Aug. 7, 2014) ................................. 4
Skinner v. Switzer, 562 U.S. 521 (2011) .................................................................................... 5, 6
Watts v. Swiss Bank Corp., 27 N.Y.2d 270 (1970) ....................................................................... 8

**Rules**

Federal Rule Civil Procedure 12 .................................................................................................... 1
New York Codes, Rules and Regulations § 1200.0 ...................................................................... 4

**STATEMENT OF FACTS**

The opening memorandum submitted by Defendant Jack Martins "Defendant Martins" argued that Plaintiffs' Complaint, in its entirety, must be dismissed with prejudice because the Court lacks subject matter jurisdiction over the action or the pleadings fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(a)(4), (b)(1), (b)(6).  See generally, Dkt. No. 49-9.  Specifically, Defendant Martins maintains that Plaintiffs' claims are barred by the doctrines of *Rooker-Feldman*, collateral estoppel and/or res judicata.  Dkt. No. 49-9, pp. 5-16.  Defendant Martins further argued that Plaintiffs' Equal Protection claim should be dismissed.  Id. at 16-17.  Plaintiffs have since responded.  Dkt. Nos. 54-57.  In a Text Order dated August 9, 2016, this Court afforded Defendant Martins until August 12, 2016, to submit a reply.  For a more complete recitation of the relevant facts, reference is made to Defendant Martins' opening memorandum.  Dkt. No. 49-9, pp. 1-5.

For the following reasons, Defendant Martins respectfully submits that this action must be dismissed.[1]

**ARGUMENT**

**I.   Defendant Martins' Cross-Motion For Judgment On The Pleadings Should Be Granted**

    **A.   Plaintiffs' Claims are Barred Because the Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine**

As discussed in Defendant Martins' opening memorandum, "Plaintiffs bear the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'"  Dkt. No.

---

[1] Defendant Martins' opening memorandum also maintained that Plaintiffs' motion for injunctive and/or equitable relief should be denied.  Dkt. No. 49-9.  Defendant Martins will not respond to Plaintiffs' reply (Dkt. No. 54) as Defendant Martins did not seek a sur-reply.  However, for the reasons stated in Defendant Martins' opening memorandum, he maintains that Plaintiffs' motion should be denied.

1

49-9, p. 6 (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)).  The "*Rooker-Feldman* [doctrine] directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced."  McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010). For the following reasons, Defendant Martins respectfully submits that Plaintiffs have not met their burden of establishing subject matter jurisdiction and that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.

### 1. Plaintiffs Lost in State Court

Plaintiffs do not contest that Plaintiff Pidot was a party to the state court action and that he lost in that forum.  Dkt. No. 54.  Instead, Plaintiffs limit their response to arguing that Plaintiffs Hawkins and Axelman were not party to that state lawsuit which therefore brings this federal action outside *Rooker-Feldman*.  Id. at 9-10.  According to Plaintiffs, mere "privity" is insufficient to meet this requirement of the *Rooker-Feldman* doctrine.  Id.  For the following reasons, Defendant Martins respectfully submits that Plaintiffs misread his argument.

At the outset, Plaintiffs do not challenge Defendant Martins' argument that the interests of Plaintiffs Axelman and Hawkins were aligned with Plaintiff's Pidot's interests in the state court action or that Plaintiff Pidot adequately represented those interests.  Instead they simply submit that privity is insufficient to meet the first requirement of *Rooker-Feldman*.  However, in so arguing, Plaintiffs confuse Defendant Martin's contention.

Defendant Martins does not maintain that Plaintiffs Hawkins and Axelman are merely in "privity" with Defendant Pidot.[2] Indeed, Defendant Martins did not mention "privity" in this portion of his argument. Dkt. No. 49-9, pp. 8-9. Instead, Defendant Martins went further and argued, in accordance with Second Circuit precedent, that Plaintiffs Axelman and Hawkins met the first requirement of *Rooker-Feldman* because they "[we]re in reality the candidates' pawns" meaning that "by definition the plaintiff voters' interests are identical to the candidates' . . . and were adequately represented in the candidates' state-court lawsuit." Dkt. No. 49-9, p. 8 (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 91 (2d Cir. 2005) (internal quotations omitted)). Plaintiffs do not challenge the foregoing.

Furthermore, the case Plaintiffs cite, *Lance v. Dennis*, 546 U.S. 459, 466 (2006), is unpersuasive under the facts present here.[3] Dkt. No. 54, p. 10. The plaintiffs in *Lance*, Colorado citizens, appealed the district court's decision to dismiss their federal action after finding that the plaintiffs were "in privity" with the Colorado Attorney General, a party in an earlier related state court action. Lance, 546 U.S. at 460-62. The Supreme Court reversed holding that "[t]he *Rooker-Feldman* doctrine does not bar actions by nonparties to the earlier state-court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment." Id. at 466. In so finding, the Supreme Court specifically acknowledged that scenarios may exist where "*Rooker-Feldman* may be applied against a party not named in an

---

[2] Notably, Plaintiffs Hawkins and Axelman do not contest that they are in fact in privity with Plaintiff Pidot.

[3] Plaintiffs also cite *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (U.S. 1994). Dkt. No. 54, p. 9. However, *Johnson* is easily distinguishable. The Supreme Court in *Johnson* made the uncontroversial finding that because the United States was not a party to the state action it was not barred from bringing suit under *Rooker-Feldman*. Johnson, 512 U.S. at 1006. In so finding, the Supreme Court did not discuss "privity," "identity of plaintiffs" or whether the United States' interests were adequately accounted for by the state parties. Accordingly, *Johnson* does not support Plaintiffs' position.

earlier state proceeding." Id. at 466, n. 2.  For example, as courts within the Second Circuit have noted, it is an "entirely different circumstance in which Plaintiff, having lost in state court, names additional parties.  Such gamesmanship is not enough to get around the *Rooker-Feldman* bar." Roberts v. Perez, 2014 U.S. Dist. LEXIS 109251, *8 (S.D.N.Y. Aug. 7, 2014) (distinguishing *Lance*); see also Lajaunie v. Samuels & Son Seafood Co., 68 F. Supp. 3d 432, 436 (S.D.N.Y. 2014), *rev'd on other grounds*, 614 Fed. Appx. 33 (2d Cir. Aug. 25, 2015).  Even the Second Circuit makes clear that a plaintiff cannot avoid *Rooker-Feldman* through "clever pleading." Hoblock, 422 F.3d at 88.  For the following reasons, the addition of Plaintiffs Axelman and Hawkins can only be considered "gamesmanship" or "clever pleading" and should not be rewarded.

As discussed in Defendant Martins' opening memorandum, Plaintiff Pidot's attorneys for his state appeal now represent all Plaintiffs in this federal action.  Dkt. No. 49-9, p. 9.  The Second Circuit noted that the same representation is relevant as to whether there is an identity of plaintiffs.  Hoblock, 422 F.3d at 92 (in finding that the plaintiffs were not identical, the court noted "that the voters [were] represented by counsel independent from the candidates' counsel"). Indeed, as Defendant Martins previously argued, Plaintiffs are effectively precluded from arguing differing interests because it would be an ethical violation for Plaintiff Pidot's state court attorney to accept Plaintiffs Hawkins and Axelman as clients unless their interests were aligned. Dkt. No. 49-9, p. p (citing Rule 1.7 of the Rules of Professional Conduct (22 NYCRR § 1200.0)). Defendant Martins also argued that Plaintiffs Pidot and Hawkins are long-time political allies having run together for City Council and fundraised together in a mayoral race.  Dkt. No. 49-9, p. 9.  Plaintiffs do not challenge any of these arguments.  Nor do Plaintiffs rebut Defendant

4

Martins' assertion that Plaintiffs Hawkins and Axelman can only be deemed "pawns" of the candidate, Plaintiff Pidot.  Dkt. No. 49-9, p. 12 (citing Hoblock, 422 F.3d at 91).

Based on the foregoing, Defendant Martins respectfully submits that based on the unrebutted facts of this case, there exists an identity of plaintiffs and that they lost in state court and that Plaintiffs have therefore not met their burden of establishing subject matter jurisdiction.

### 2. Plaintiffs Complain of Injuries Caused by the State Court Judgment

Defendant Martins' opening memorandum maintained that Plaintiffs met the second requirement of *Rooker-Feldman* in that they complained of injuries caused by the state court judgment.  Dkt. No. 49-9, pp. 9-10.  Plaintiffs do not rebut this contention.

### 3. Plaintiffs Invite District Court Review and Rejection of the State Court Judgment

Defendant Martins' opening memorandum argued that Plaintiffs are inviting this Court to reject the state court judgment denying Plaintiff Pidot's request to be placed on the ballot for the scheduled primary or, alternatively, to place him on the ballot for a rescheduled primary.  Dkt. No. 49-9, pp. 10-12.  Plaintiffs concede that they are seeking "the same" relief from this Court.  Dkt. No. 21, ¶27.  Nevertheless, according to Plaintiffs, "[w]hat matters for purposes of [the *Rooker-Feldman*] doctrine is whether Pidot actually raised—or could have raised—First Amendment or UOCAVA claims in the underlying state court proceedings."  Dkt. No. 54, pp. 8-9.  However, the cases Plaintiffs cite for this proposition do not hold that whether a plaintiff chose to raise a particular argument in the state court is determinative as to whether the plaintiff is seeking review and rejection of that state court judgment.  Id. (citing Johnson, 512 U.S. at 1005-06; Skinner v. Switzer, 562 U.S. 521, 532-533 (2011); Brown v. Damiani, 154 F. Supp. 2d

5

317, 326 (D. Conn. 2001).[4]  It appears that Plaintiffs conflate the *Rooker-Feldman* doctrine with state preclusion principles.

Indeed, Plaintiffs appear to argue that because they wish to raise claims not argued before the state court, they are free from *Rooker-Feldman*.  Under Plaintiffs' view of the doctrine, any plaintiff could avoid *Rooker-Feldman* by simply raising additional arguments in federal court.  However, contrary to Plaintiffs' contention, the question is not whether plaintiffs have raised new arguments but instead whether Plaintiffs are seeking review and rejection of the state court judgment.  Moreover, "a federal suit is not free from *Rooker-Feldman*'s bar simply because the suit proceeds on legal theories not addressed in state court."  Hoblock, 422 F.3d at 87.  Because Plaintiffs are again seeking a court ordered Republican primary in which Plaintiff Pidot is a candidate – the same request that Plaintiff Pidot raised before the state court and was denied – the only conclusion is that Plaintiffs are asking this Court to reject the state court judgment.

Plaintiffs also argue that because they improperly requested a new election in the state action, "the request for a new election was never properly before the state Supreme Court" and therefore "this Court is not being asked to review the state court's denial of a new election." Dkt. No. 54, p. 9.  Plaintiffs' argument is meritless.[5]  That Plaintiffs disagree with the basis for

---

[4] As noted above, the Supreme Court in *Johnson* found that the United States was not a party to the state court action and was therefore not barred from bringing a federal action. Johnson, 512 U.S. at 1005-06.  Similarly, the Court in *Brown* found that the plaintiff, who was not a party to the state court proceeding, was not barred from raising First Amendment claims that were not raised in the state court action.  Brown, 154 F. Supp. 2d at 326.  Finally, the Supreme Court in *Skinner* merely reaffirmed the holding of *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "that a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Skinner, 562 U.S. at 532.

[5] Plaintiffs cite to *Halyalkar v. Board of Regents*, 72 N.Y.2d 261, 268 (1988), in support of their argument.  Dkt. No. 54, p. 9.  However, because *Halyalkar* is a state court action, it never mentions the *Rooker-Feldman* doctrine.  It is therefore unclear how *Halyalkar* supports

the court's decision to deny Plaintiff Pidot's request for a new primary – and wish this Court to reject that finding – is precisely what the *Rooker-Feldman* doctrine is designed to prevent.

It is also worth noting that Plaintiffs do not challenge Defendant Martins' argument that, in denying Plaintiffs' requests, Justice Diamond considered many factors beyond the Move Act, including affidavits from the various state and local boards as well as precedent from the New York State Court of Appeals.  Dkt. No. 44-9, pp. 11-12 (citing Dkt. No. 1-2, p. 3;  22-1; 22-2; 49-2; Matter of Hunter v. Orange County Bd. of Elections, 11 N.Y.3d 813 (2008)).  Nor do the Plaintiffs rebut Defendant Moreland's contention that Justice Diamond was fully within his authority to issue such a decision.  Id. at 12 (citing Burdick v. Takushi, 504 U.S. 428, 433 (1992)).

Defendant Martins therefore respectfully submits that Plaintiffs, despite any new claims they may now raise as an attempt to avoid *Rooker-Feldman*, are seeking the review and rejection of the state court judgment which denied Plaintiff Pidot's request to be placed on the ballot, or, alternatively, to schedule a new primary in which he is a candidate.

### 4.     The State Court Judgment was Rendered Before the District Court Proceedings Commenced

Defendant Martins' opening memorandum maintained that the state court judgment was rendered before the commencement of the instant federal action.  Dkt. No. 49-9, p. 12.  Plaintiffs do not challenge this contention.

Based on the foregoing, Defendant Martins respectfully submits that Plaintiffs have failed to meet their burden of establishing subject matter jurisdiction and their claims must be barred pursuant to the *Rooker-Feldman* doctrine.

---

Plaintiffs' contention.  *Halyalkar* also involved "particular circumstances," namely the "offensive" application of collateral estoppel by a nonparty.  Id. at 269-70.

**B.      Plaintiffs' Claims are Barred by Collateral Estoppel and Res Judicata**

As an alternative to the *Rooker-Feldman* doctrine, Defendant Martins' opening memorandum argued that Plaintiffs' claims were barred by collateral estoppel and res judicata. Dkt. No. 49-9, pp. 12-16. In response, Plaintiffs do not challenge the fundamental requirement to the collateral estoppel and res judicata doctrines: that Plaintiffs Axelman and Hawkins are in privity with Plaintiff Pidot. Dkt. No. 54, p. 11. Nor could Plaintiffs contest privity because "although not formal parties to" the state court action, the interests of Plaintiffs Hawkins and Axelman were "represented by a party to the action," and by the same law firm, suggesting if not compelling the privity of the parties for purposes of res judicata analysis under New York law. Watts v. Swiss Bank Corp., 27 N.Y.2d 270, 277-78 (1970). Instead, Plaintiffs, without elaboration or discussion, summarily assert that the doctrines do not apply because they were somehow unable to raise unidentified claims in the state court proceeding.[6] Dkt. No. 54, p. 11. Plaintiffs' argument should be rejected.

It is clear that Justice Diamond adjudicated the two fundamental reliefs that Plaintiff Pidot had every opportunity to argue – and did argue – in state court: 1) to place Plaintiff Pidot's name on the ballot;  or, 2) to order a special new primary naming Plaintiff Pidot as a candidate. Plaintiffs do not challenge either Justice Diamond's authority to issue such a decision or that his decision was based on several factors beyond the MOVE Act. Dkt. No. 49-9, pp. 11-12 (citing Burdick, 504 U.S. at 433). Accordingly, Plaintiffs' argument should be rejected as it is clear that they are attempting to relitigate these issues, and, as discussed previously, remedy an unfavorable judgment of the New York Courts.

---

[6] Although Plaintiffs cite four New York cases in support of their position, not one is an election case and therefore they do not discuss the authority a Supreme Court Justice has in deciding issues raised in election proceedings. Dkt. No. 54, p. 11. These cases are therefore irrelevant.

8

Furthermore, Plaintiffs' attempt to raise certain constitutional and statutory challenges as a means to circumvent collateral and res judicata is unpersuasive. The Second Circuit makes clear that a New York State Supreme Court Justice in an election proceeding has the authority to decide constitutional challenges. See Golkin v. Abrams, 803 F.2d 55, 57 (2d Cir. 1986) ("Since the plaintiffs here could have raised their constitutional claims in the state court proceeding and New York law is settled that they are precluded from raising in a subsequent proceeding any issue they could have raised in the prior one, they are foreclosed from raising their constitutional claims in the present action." (internal citations omitted)); see also Dear v. Bd. of Elections, 2003 U.S. Dist. LEXIS 15460, *21 (E.D.N.Y. Aug. 25, 2003) ("the Second Circuit has held that a judgment rendered against a candidate by a New York State proceeding ordinarily will bar that candidate from bringing a subsequent civil rights action in federal court, even if the constitutional claims asserted in federal court were not raised in the state court proceeding" (citing Golkin, 803 F.2d 55)). Accordingly, Plaintiffs were free to raise their constitutional challenges in state court and therefore are barred from doing so in this federal action.

Based on the foregoing, Defendant Martins respectfully submits that Plaintiffs claims are barred under the doctrines of collateral estoppel and res judicta.

### C. Plaintiffs' Equal Protection Claim Must be Dismissed

Defendant Martins opening memorandum maintained that Plaintiffs' equal protection claim must be dismissed. Dkt. No. 49-9, pp. 16-17. Plaintiffs do not rebut this argument.

## II. Plaintiffs' Motion For Injunctive and Equitable Relief Should Be Denied

For the reasons stated in Defendant Martins' opening memorandum, he maintains that Plaintiffs' motion for injunctive and equitable relief should be denied

## CONCLUSION

WHEREFORE, Defendant Martins respectfully submits that his cross-motion pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure be granted and Plaintiffs' Complaint (Dkt. No. 1) be dismissed in its entirety with prejudice.  Defendant Martins further respectfully submits that Plaintiffs motion for injunctive and equitable relief should be denied.

Dated: Albany, New York
       August 12, 2016

By:   /s/ Paul DerOhannesian II_____
      Paul DerOhannesian II (Bar Roll 104792)
      Danielle R. Smith (Bar Roll 517775)
      DerOhannesian & DerOhannesian
      677 Broadway, Suite 707
      Albany, New York 12207

      *Attorneys for Defendant Jack Martins*