**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

|  |  |
|---|---|
| PHILIP PIDOT, NANCY HAWKINS and STEVEN AXELMAN, individually and as representatives of eligible Republican Party voters in Suffolk, Nassau and Queens Counties within New York's Third Congressional District, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| -against- | ) ) |
| NEW YORK STATE BOARD OF ELECTIONS; SUFFOLK COUNTY BOARD OF ELECTIONS; NASSAU COUNTY BOARD OF ELECTIONS; BOARD OF ELECTIONS IN THE CITY OF NEW YORK;)PETER KOSINSKI and DOUGLAS KELLNER, in their official capacities as Commissioners and Co-Chairs of the New York State Board of Elections; ANDREW J. SPANO and GREGORY P. PETERSON, in their official capacities as Commissioners of the New York State Board of Elections; and TODD D. VALENTINE and ROBERT A. BREHM, in their official capacities as Co-Executive Directors of the New York State Board of Elections, | ) ) ) ) **No. 16-cv-859 (FJS/CFH)** ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| -and- | ) ) |
| JACK MARTINS, | ) ) |
| Defendant-Intervenor. | ) ) |

_____

## DEFENDANT-INTERVENOR'S MOTION FOR RELIEF FROM JUDGMENT

This motion is made pursuant to Federal Rule of Civil Procedures 59(e) and 60(b).  This motion is based on this Motion and the Accompanying Memorandum of Law on behalf of Defendant-Intervenor Jack Martins. The Motion seeks the following relief in the alternative for the reasons outlined here and detailed in the accompanying motion:

*First*, modification of order of August 17, 2016 to move the Congressional General Election for New York's 3rd Congressional District to December 6, 2016, in accordance with the equitable powers of this Court as described in *Busbee v. Smith*, 549 F.Supp. 494 (D.D.C. 1982) (three-judge panel), *aff'd Busbee v. Smith*, 459 U.S. 1166 (1983).

*Second*, and in the alternative, withdrawal of the order requiring a new primary to be held on October 6, 2016, because of principles set forth in *Purcell v. Gonzales*, 549 U.S. 1 (2006), voter confusion likely to be created by the mailing of two or three ballots to military and overseas voters as a result of this order and uncertainty as to the content of those ballots, and the equal protection problems inherent in affording a candidate of one party to run a general election for more than four months while permitting a candidate of the other party barely two weeks after the certification of primary results to run in the same general election.

Due to the time sensitive nature of the need for relief, Intervenor-Defendant requests a hearing on this motion as soon as possible, even if conducted telephonically.  Prompt resolution of this motion will permit time to have the Court's decision in this case reviewed in an expedited manner by the United States Court of Appeals for the Second Circuit.

Dated:  August 19, 2016
       Albany, New York

Respectfully submitted,

/s/ Paul DerOhannesian II
Paul DerOhannesian II (Bar Roll 104792)
Danielle R. Smith (Bar Roll 517775)
DerOhannesian & DerOhannesian
677 Broadway, Suite 707
Albany, New York 12207

Jason Torchinsky (D.C. Bar No. 976033)*
Holtzman Vogel Josefiak PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186

2

*\* pro hac vice application to be filed*

*Attorneys for Defendant-Intervenor Jack Martins*

cc:     All Counsel of Record (via ECF)