UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP PIDOT, NANCY HAWKINS and
STEVEN AXELMAN, individually and as
representatives of eligible Republican party voters
in Suffolk, Nassau and Queens Counties within
New York's Third Congressional District,

                              Plaintiffs,

                           v.                                                            1:16-CV-859
                                                                                   (FJS/CFH)

NEW YORK STATE BOARD OF ELECTIONS;
SUFFOLK COUNTY BOARD OF ELECTIONS;
NASSAU COUNTY BOARD OF ELECTIONS;
BOARD OF ELECTIONS IN THE CITY OF
NEW YORK; PETER KOSINSKI and
DOUGLAS KELLNER, in their official capacities
as Commissioners and Co-Chairs of the New York
State Board of Elections; ANDREW J. SPANO
and GREGORY P. PETERSON, in their official
capacities as Commissioners of the New York
State Board of Elections; and TODD D. VALENTINE
and ROBERT A. BREHM, in their official
capacities as Co-Executive Directors of the New
York State Board of Elections,

                              Defendants,

JACK MARTINS,

                              Intervenor-Defendant,

TOM SUOZZI,

                              Intervenor,

RESERVE OFFICERS ASSOCIATION,

                              Amicus.
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **STROOCK & STROOCK & LAVAN LLP**<br>180 Maiden Lane<br>New York, New York 10038<br>Attorneys for Plaintiffs | DAVID V. SIMUNOVICH, ESQ.<br>JAMES L. BERNARD, ESQ.<br>JERRY H. GOLDFEDER, ESQ. |
| **OFFICE OF SPECIAL COUNSEL NEW YORK STATE BOARD OF ELECTIONS**<br>40 North Pearl Street, Suite 5<br>Albany, New York 12207-2729<br>Attorneys for Defendants New York State Board of Elections, Peter Kosinski, Douglas Kellner, Andrew J. Spano, Gregory P. Peterson, Todd D. Valentine, and Robert A. Brehm | BRIAN L. QUAIL, ESQ. |
| **NEW YORK STATE BOARD OF ELECTIONS**<br>40 Steuben Street<br>Albany, New York 12207<br>Attorneys for Defendant New York State Board of Elections, Peter Kosinski, Douglas Kellner, Andrew J. Spano, Gregory P. Peterson, Todd D. Valentine, and Robert A. Brehm | WILLIAM J. MCCANN, JR., ESQ. |
| **SUFFOLK COUNTY ATTORNEY'S OFFICE**<br>100 Veteran's Memorial Highway<br>Hauppauge, New York 11788<br>Attorneys for Defendant Suffolk County Board of Elections | CHRISTOPHER A. JEFFREYS, ESQ.<br>LEONARD G. KAPSALIS, ESQ. |
| **NASSAU COUNTY ATTORNEY'S OFFICE**<br>1 West Street<br>Mineola, New York 11501<br>Attorneys for Defendant Nassau County Board of Elections | ALPA J. SANGHVI, ESQ. |

| | |
|---|---|
| **NEW YORK CITY LAW DEPARTMENT** | **HILARY M. MELTZER, ESQ.** |
| 100 Church Street | **JANET L. ZALEON, ESQ.** |
| New York, New York 10007 | |
| Attorneys for Defendant Board of | |
| Elections in the City of New York | |
| | |
| **DEROHANNESIAN & DEROHANNESIAN** | **DANIELLE R. SMITH, ESQ.** |
| 677 Broadway, Suite 707 | **PAUL DEROHANNESIAN, II, ESQ.** |
| Albany, New York 12207 | |
| Attorneys for Intervenor-Defendant Jack Martins | |
| | |
| **HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC** | **JASON B. TORCHINSKY, ESQ.** |
| 45 North Hill Drive, Suite 100 | |
| Warrenton, Virginia 20186 | |
| Attorneys for Intervenor-Defendant Jack Martins | |
| | |
| **PERKINS COIE LLP** | **GARY F. EISENBERG, ESQ.** |
| 30 Rockefeller Plaza, 25th Floor | **KEVIN J. HAMILTON, ESQ.** |
| New York, New York 10112 | |
| Attorneys for Intervenor Tom Suozzi | |
| | |
| **GREENBERG TRAURIG, LLP** | **JENNIFER M. GOMEZ, ESQ.** |
| 54 State Street, 6th Floor | **LAURENCE LEVY, ESQ.** |
| Albany, New York 12207 | **ROBERT M. HARDING, ESQ.** |
| Attorneys for Amicus Reserve | |
| Officers Association | |

**SCULLIN, Senior Judge**

### ORDER

On August 17, 2016, the Court entered a Judgment in which it, among other things, ordered Defendants to hold a Republican primary election for New York's Third Congressional District on October 6, 2016, with a ballot that named both Jack Martins and Philip Pidot as candidates. *See* Dkt. No. 66. The Court also ordered Defendant New York State Board of Elections to seek a "hardship exemption" pursuant to 52 U.S.C. § 20302(g)(2)(B)(ii) from UOCAVA's forty-five day requirement with regard to the November 8, 2016 General Election. *See id.*

On August 19, 2016, Intervenor-Defendant Martins filed a motion for relief from judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See* Dkt. No. 68. The Court ordered the parties to file any opposition they had to the motion on or before August 25, 2016, and scheduled oral argument regarding the motion for August 30, 2016. *See* Dkt. No. 71.

On August 24, 2016, the Reserve Officers Association filed a motion for leave to file an amicus brief, *see* Dkt. No. 75, which the Court granted, *see* Dkt. No. 90.

On August 25, 2016, Tom Suozzi filed a motion to intervene, *see* Dkt. No. 81, which the Court granted, *see* Dkt. No. 98.

The Court heard oral argument in support of and in opposition to Intervenor-Defendant Martins' motion on August 30, 2016. After hearing counsels' arguments and having reviewed their submissions, the Court issued an oral ruling, which the Court now memorializes in this Order.

First, as the Court noted at the hearing, in accordance with its August 17, 2016 Judgment, Defendant New York State Board of Elections applied for a waiver of UOCAVA's forty-five day requirement regarding the November 8, 2016 General Election. That waiver was approved on August 29, 2016. *See* Dkt. Nos. 99, 99-1. Therefore, there is no need to change the date of the Congressional General Election for New York's Third Congressional District. In addition, as the Court noted, all of the Defendant Board of Elections have already taken steps to prepare for the October 6, 2016 Republican primary election for New York's Third Congressional District, including the mailing of the UOCAVA absentee ballots.

Finally, as Court stated, it finds that both *Busbee v. Smith*, 549 F. Supp. 494 (D.D.C. 1982), *aff'd* 459 U.S. 1166 (1983), and *Purcell v. Gonzales*, 549 U.S. 1 (2006), the two cases on which Intervenor-Defendant Martins principally relied in support of his motion are distinguishable on their

facts and the law. In sum, the Court concludes that Intervenor-Defendant Martins has not demonstrated that he is entitled to the relief he seeks in particular, he has not shown that there is any justification for amending or vacating the Court's August 17, 2016 Judgment as Rule 60(b)(6) requires.

Accordingly, for the above-stated reasons and for the reasons stated on the record, the Court hereby

**ORDERS** that Intervenor-Defendant Martins' motion for relief from judgment pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, *see* Dkt. No. 68, is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 31, 2016
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge